```
                                       United States Bankruptcy Court
                                       Middle District of Pennsylvania
In re:                                                                        Case No. 19-04532-RNO
Wendy Allen                                                                   Chapter 7
            Debtor                       CERTIFICATE OF NOTICE
District/off: 0314-5           User: AutoDocke              Page 1 of 1                  Date Rcvd: Aug 24, 2020
                               Form ID: 318                 Total Noticed: 15
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2020.
```
db             +Wendy Allen,    140 Petsch Lane,    Shohola, PA 18458-2023
5261179         Syncb/wlmrt,    PO Box 965024,    El Paso, TX 79998
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +EDI: PRA.COM Aug 24 2020 23:18:00      PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
5261169         EDI: BANKAMER.COM Aug 24 2020 23:18:00      Bank of America,    PO Box 982238,
                 El Paso, TX 79998
5261170        +EDI: BANKAMER.COM Aug 24 2020 23:18:00      Bank of America, N.A.,    4909 Savarese Circle,
                 Tampa, FL 33634-2413
5261171         EDI: CCS.COM Aug 24 2020 23:18:00      Credit Collection Services,    PO Box 607,
                 Norwood, MA 02062-0607
5261172         EDI: JPMORGANCHASE Aug 24 2020 23:18:00      Jpmcb Card,    PO Box 15369,    Wilmington, DE 19850
5261173         E-mail/Text: camanagement@mtb.com Aug 24 2020 19:22:05       M & T Bank,    1 Fountain Plaz Fl 4,
                 Buffalo, NY 14203
5261174         EDI: RMSC.COM Aug 24 2020 23:18:00      PayPal Credit,    PO Box 105658,    Atlanta, GA 30348-5658
5261741         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Aug 24 2020 19:22:09
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, PA 17128-0946
5261175        +E-mail/Text: bankruptcyteam@quickenloans.com Aug 24 2020 19:22:16       Quicken Loans,
                 1050 Woodward Avenue,    Detroit, MI 48226-1906
5261176        +EDI: RMSC.COM Aug 24 2020 23:18:00      Syncb/hsn,    PO Box 965017,    Orlando, FL 32896-5017
5261178        +EDI: RMSC.COM Aug 24 2020 23:18:00      Syncb/qvc,    PO Box 965005,    Orlando, FL 32896-5005
5261180        +EDI: RMSC.COM Aug 24 2020 23:18:00      Syncb/zulily,    PO Box 965017,    Orlando, FL 32896-5017
5261570        +EDI: RMSC.COM Aug 24 2020 23:18:00      Synchrony Bank,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
                                                                                                TOTAL: 13

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5261177*       +Syncb/hsn,    PO Box 965017,    Orlando, FL 32896-5017
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2020                                         Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 24, 2020 at the address(es) listed below:
```
              James Warmbrodt    on behalf of Creditor    Quicken Loans INC. bkgroup@kmllawgroup.com
              James Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              James Warmbrodt    on behalf of Creditor    BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com
              John J. Martin    on behalf of Debtor 1 Wendy Allen jmartin@martin-law.net,
               kmartin@martin-law.net;nmundy@martin-law.net;jjmartin@martin-law.net;jashley@martin-law.net;r5989
               1@notify.bestcase.com
              Mark J. Conway (Trustee)    PA40@ecfcbis.com,
               mjc@mjconwaylaw.com;connie@mjconwaylaw.com;info@mjconwaylaw.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                                TOTAL: 6
```

| | | |
|---|---|---|
| Debtor 1 | **Wendy Allen** | Social Security number or ITIN xxx–xx–1171 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 | | Social Security number or ITIN _ _ _ _ |
| (Spouse, if filing) | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 5:19–bk–04532–RNO | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Wendy Allen

**By the court:**   *Robt N. Opel II*

8/24/20

Honorable Robert N. Opel, II
United States Bankruptcy Judge
By: PamelaRadginski, Deputy Clerk

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318   **Order of Discharge**   page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**